UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| E. A. T-B,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>CAMMILLA WAMSLEY, et al.,<br><br>　　　　　　　Respondents. | CASE NO. C25-1192-KKE-BAT<br><br>ORDER SETTING HEARING ON PETITIONER'S MOTION FOR INTERIM RELIEF AND HABEAS PETITION |

On his way home from an immigration court hearing on June 18, 2025, Petitioner was arrested by United States Immigration and Customs Enforcement ("ICE") agents. Dkt. No. 23-2 ¶¶ 9–10. That same day, Petitioner sought a writ of habeas corpus, contending that his arrest and detention violate his constitutional rights to substantive and procedural due process, and also violate the Administrative Procedures Act ("APA"). Dkt. Nos. 1, 4.

Before the briefing schedule on the habeas petition was ripe, Petitioner filed a motion for a temporary restraining order for his release and barring future re-arrest or detention without leave from the Court. Dkt. No. 24. Petitioner requested oral argument on his motion. *Id*. The Government[1] filed a brief in opposition, arguing that Petitioner's detention is lawful given Petitioner's violations of his release conditions. Dkt. No. 26 at 1. The Government also argues

---

[1] This order refers to Respondents—ICE, the United States Department of Homeland Security ("DHS"), Seattle ICE Field Office Director Cammilla Wamsley, ICE Acting Director Todd Lyons, DHS Secretary Kristi Noem, and United States Attorney General Pamela Bondi—collectively as "the Government."

ORDER SETTING HEARING ON PETITIONER'S MOTION FOR INTERIM RELIEF AND HABEAS
PETITION - 1

that a TRO is the improper vehicle to obtain release from detention, when the briefing on the habeas petition (which seeks the same relief) will be ripe on August 15, 2025, and thus can be resolved with the benefit of full briefing without undue delay. *Id*. at 1–2.

For the following reasons, the Court finds that the TRO motion should be converted into a motion for preliminary injunction and considered in conjunction with the merits of the habeas petition, after a hearing set shortly after the petition will be fully briefed.

## I.    BACKGROUND

Petitioner is a citizen of Colombia who entered the United States and was apprehended by Border Patrol on or about September 6, 2023. Dkt. No. 19 ¶ 4. Petitioner was arrested and charged with inadmissibility under 8 U.S.C. § 212(a)(6)(A)(i). Dkt. No. 18-2. After two days of detention, Petitioner was released on an order of recognizance, requiring him to, among other things, enroll in and comply with the Alternatives to Detention ("ATD") program. Dkt. No. 18-3. Petitioner's conditions of release indicate that a failure to comply with ATD program requirements would result in a redetermination of his release conditions or his arrest and detention. *Id*. Petitioner was ordered to report to the ICE office in Portland, Oregon, on November 10, 2023, and thereafter served with a notice to appear in immigration court in Portland, Oregon, on December 3, 2024. Dkt. No. 18-3 at 2, Dkt. No. 19 ¶ 7.

Petitioner filed an application for asylum in August 2024. Dkt. No. 23-2 ¶ 7. Petitioner's initial immigration hearing was continued from December 3, 2024, to June 5, 2025, and in January 2025, Petitioner's reporting requirements under the ATD program were reduced. Dkt. No. 19 ¶ 7, Dkt. No. 23-2 ¶ 6, Dkt. No. 23-5 at 5–6.

When Petitioner appeared at immigration court on June 5 without counsel, the Government moved to dismiss the removal proceedings to allow it to pursue Petitioner's expedited removal. *See* Dkt. No. 23-3 at 3–4. Petitioner's initial hearing was continued to June 18, 2025, so that

ORDER SETTING HEARING ON PETITIONER'S MOTION FOR INTERIM RELIEF AND HABEAS PETITION - 2

Petitioner could obtain counsel. Dkt. No. 23-5 ¶ 1. Petitioner engaged counsel, who filed a motion on June 12 to consolidate Petitioner's asylum claim with the asylum claims of his mother, stepfather, and siblings. *Id*.

Petitioner appeared with counsel at the June 18 hearing, where the Government withdrew its motion to dismiss and requested additional time to respond to Petitioner's motion to consolidate his asylum application. Dkt. No. 23-5 ¶ 2. The immigration judge granted the Government's request for additional time and set a response deadline of June 30, 2025. *Id*.

After Petitioner left the immigration court hearing, he was followed by ICE agents who arrested him, claiming that they were doing so because he had missed appointments. Dkt. No. 23-5 ¶ 3. When Petitioner's counsel disputed that reason, the agents stated that Petitioner was being arrested because of "enforcement priorities[.]" *Id*.

Petitioner was initially detained in Oregon and thereafter transferred to the Northwest Detention Center in Tacoma, Washington, where he remains incarcerated. Dkt. No. 19 ¶ 3, Dkt. No. 23-2 ¶ 13. Hours after his arrest, Petitioner filed a petition for a writ of habeas corpus in the United States District Court for the District of Oregon. Dkt. Nos. 1, 4. The petition requests Petitioner's release from custody. Dkt. No. 4 ¶ 51.

The United States District Court for the District of Oregon issued an order prohibiting the removal of Petitioner from Oregon without providing advance notice and requiring immediate notification if Petitioner had already been removed. Dkt. No. 5. Upon notice that Petitioner had been transferred from the District of Oregon into Washington state, and with agreement of the parties, the habeas case was transferred to this Court, assigned to the undersigned and referred to United States Magistrate Judge Brian A. Tsuchida. Dkt. Nos. 8–10.

Judge Tsuchida then issued a briefing schedule on the habeas petition, directing the Government to file a return and status report by July 18, 2025, explaining why the Court should

ORDER SETTING HEARING ON PETITIONER'S MOTION FOR INTERIM RELIEF AND HABEAS PETITION - 3

not grant the habeas petition. Dkt. No. 12. Petitioner's response was due within 21 days, and the Government could file a reply within 28 days. *Id.* at 2. On July 18, 2025, the Government filed a return memorandum and motion to dismiss the habeas petition, arguing that Petitioner's detention was lawful due to two violations of the terms of Petitioner's ATD release conditions and that his APA claim is not cognizable. Dkt. No. 17 at 3–5. The Government also reported that "Petitioner appeared in immigration court on July 15, 2025," but did not explain the purpose of that appearance. Dkt. No. 17 at 3.

On August 5, 2025, Petitioner filed his response to the motion to dismiss and reply to the return memorandum disputing Petitioner's ATD violations and contending that any violations were merely pretext for his arrest and detention, which was actually precipitated by "broad executive directives to detain immigrants in large numbers." Dkt. No. 22 at 12–13. Petitioner's brief requests oral argument. *Id*. at 1. The Government's reply brief is due August 15, 2025. *See* Dkt. No. 12.

The same day Petitioner filed his response to the motion to dismiss and reply in support of the habeas petition, he also filed a TRO motion seeking immediate release. Dkt. No. 24. Petitioner noted that an individual hearing in his immigration case was set for August 22, 2025, and that his incarceration denied him the opportunity to adequately prepare for that hearing with his counsel.[2] Dkt. No. 30 at 2.

The Government filed an opposition, arguing the TRO motion seeks "to simply speed up the habeas process and seek[s] the very relief that [Petitioner] has failed to seek through his administrative proceedings." Dkt. No. 26 at 7. Petitioner filed a reply requesting that because the Government has "had an opportunity to be heard, the Court should either [1] grant interim relief,

---

[2] Petitioner requested a continuance of the hearing, but the immigration court has not yet ruled on that request. Dkt. No. 26 at 3, Dkt. No. 30 at 2.

ORDER SETTING HEARING ON PETITIONER'S MOTION FOR INTERIM RELIEF AND HABEAS PETITION - 4

[2] reach the merits of the Petition, or [3] schedule a hearing at which it can take evidence, hear argument, and expeditiously decide the issues before the Court." Dkt. No. 30 at 3. For the following reasons, the Court elects to pursue the third alternative.

## II.  ANALYSIS

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). *Ex parte* TROs serve a limited purpose: "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

A motion for TRO may be converted to a motion for preliminary injunction if the opposing party has notice of the motion as well as an opportunity to respond and be heard. *See, e.g.*, *Doe v. Becerra*, __ F. Supp. 3d __, 2025 WL 691664, at *3 (E.D. Cal. 2025). The standards for issuing a TRO or a preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking a TRO or preliminary injunction must show: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction serves the public interest. *Winter*, 555 U.S. at 20.

In this case, the Government has filed an opposition to Petitioner's TRO motion and thus has had the opportunity to be heard. The Court finds it appropriate to convert Petitioner's TRO motion into a motion for a preliminary injunction and will set it for a hearing as soon as practicable, consistent with Federal Rule of Civil Procedure 65.

And because the relief sought in Petitioner's motion is the same as the relief sought in the habeas petition, and resolution of Petitioner's motion necessitates an analysis of the merits of the habeas petition, the Court finds that it would serve judicial economy to set a combined hearing on

Petitioner's motion for interim relief and the habeas petition. As this is one of the avenues of relief suggested by Petitioner (Dkt. No. 30 at 3), it appears that Petitioner disclaims that any irreparable harm is likely to result before the briefing schedule on the habeas petition is ripe. The Court will set this matter for a hearing shortly after the petition will be fully briefed.

### III. CONCLUSION

As explained herein, the Court hereby converts Petitioner's motion for TRO into a motion for a preliminary injunction, and ORDERS the parties to appear for a hearing on that motion as well as on the habeas petition on August 18, 2025, at 12:30 p.m. At that hearing, the Court will hear the oral argument of counsel and permit the parties to present evidence as necessary. The parties shall notify Courtroom Deputy Diyana Staples at diyana_staples@wawd.uscourts.gov no later than August 14, 2025, if they intend to present evidence at the hearing. In particular, if Petitioner intends to attend this hearing, counsel shall consider what arrangements must be made, if any, in order to secure his attendance.

The Court also GRANTS Petitioner's motion for leave to file an overlength brief. Dkt. No. 21. The Court accepts Petitioner's overlength brief and will permit the Government to file to an overlength reply brief of no more than 6,500 words.

The Court also ORDERS the parties to notify the Court if the immigration court grants Petitioner's motion to continue his August 22, 2025 hearing within 24 hours of such a ruling.

Dated this 11th day of August, 2025.

_Kymberly K. Evanson_
Kymberly K. Evanson
United States District Judge

ORDER SETTING HEARING ON PETITIONER'S MOTION FOR INTERIM RELIEF AND HABEAS PETITION - 6